IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **CORINA DEPHILLIP** § § | CIVIL ACTION NO. | 20-190 |
| v. § § | JURY TRIAL | |
| **JOHNSON PEERLESS, INC.** § § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**NOW COMES** Corina DePhillip (hereinafter "Plaintiff"), by and through her undersigned attorneys of record, filing this, her *Plaintiff's Original Complaint*, against Johnson Peerless, Inc. *d/b/a* Peerless Cleaners and, for cause of action, and showing unto this Court as follows:

## I.
## PRELIMINARY STATEMENT

1. This is an action brought by Plaintiff for violations by Johnson Peerless, Inc. *d/b/a* Peerless Cleaners (hereinafter "Defendant" or "Peerless") of the Families First Coronavirus Response Act ("FFCRA" Pub. L. No. 116-127, 134 Stat. 178 (2020)) and the Fair Labor Standards Act ("FLSA" 29 U.S.C. § 201 *et. seq*.).

2. Defendant employed Plaintiff from (on or about) February 6, 2020 through (on or about) July 15, 2020. During her employment, Plaintiff worked as a garment presser, earing $8.50 per hour. Defendant, at all times relevant to the violations of the FFCRA and FLSA, was engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1).

3. Throughout Plaintiff's employment, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. Section 203(s)(1).

4. Plaintiff seeks all available damages as well as reasonable attorneys' fees.

## II.
## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343 and 1337 because this civil action arises under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff asserts causes of action involving federal questions based upon the FFCRA and the FLSA.

6. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*.

7. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events or omissions giving rise to the claims herein occurred in said District. Additionally, Defendant is a resident of said District. Because the acts/omissions giving rise to Plaintiff's claims occurred in Nueces County, Texas, venue is appropriate in the Corpus Christi Division of the Southern District of Texas.

## III.
## PARTIES

8. Plaintiff is a citizen of the United States and is a resident of Nueces County, Texas.

9. Defendant is a domestic for-profit corporation with its principal place of business located in Corpus Christi, Texas. Defendant is a provider of laundry and dry cleaning services, as well as commercial/hotel valet services, and may be served with process via it's registered agent, to wit: Susan D. Johnson at 44 Hewit Place, Corpus Christi, Texas, 78404.

## IV.
## BACKGROUND FACTS

10. Whenever in this Complaint Plaintiff pleads that Defendant engaged in an act or omission, Plaintiff likewise pleads that Defendant, its officers, agents, servants, employees or

representatives, engaged in said act or omission in the course and scope of employment and/or with the full authorization or ratification of Defendant.

11. On March 13, 2020, as a result of the Coronavirus pandemic, Governor Greg Abbott declared a state-of-disaster for all counties in Texas.

12. On or about July 6, 2020, Plaintiff notified her supervisor that both she and her husband were experiencing COVID-like symptoms. Specifically, she told her supervisor, Helen, she was feeling very sick, had a bad headache, a bad cough, severe congestion, was feverish, achy, fatigued and having body cramps. Plaintiff further explained to Helen that she and her husband had both been advised by a healthcare professional to self-quarantine.

13. On or about July 8, 2020, Plaintiff's husband was tested for COVID and on (or about) July 10, 2020, his test results for COVID-19 came back positive. Both Plaintiff and her husband were told to continue to self-quarantine by the health department[1] through (at least) July 20, 2020.

14. On (or about) the same day, Plaintiff contacted Helen with an update. Plaintiff explained that her husband had tested positive for COVID-19, that she was still experiencing severe symptoms, that they both had been instructed by the health department to self-quarantine and that she was awaiting her own test, which was scheduled for July 15, 2020. Plaintiff also asked for sick leave pursuant to the FFCRA. Helen responded with anger, accusing Plaintiff of lying, telling Plaintiff that she couldn't possibly be positive for COVID so soon and – completely ignoring the fact that she was experiencing symptoms – demanded strict proof. Plaintiff promised to comply, telling Helen that she will provide her test results as soon as she receives them.

15. On (or about) July 15, 2020, Plaintiff tested positive for COVID-19. Plaintiff immediately called her employer and spoke with Mr. Johnson, who told her that not only would she ***not be***

---

[1] The Corpus Christi-Nueces County Public Health District or "health department."

3

*paid* for the days she was out while experiencing symptoms and waiting for her test results, but also *fired*.

16. To be clear, according to management at Peerless Cleaners, when an employee is experiencing signs and symptoms of the Coronavirus, they must still come to work or they will be fired.

V.
**COUNT ONE:**
**VIOLATIONS OF THE FAMILIES FIRST CORONAVIRUS RESPONSE ACT &**
**THE FAIR LABOR STANDARDS ACT**
**(1) Wrongful Termination; (2) Unpaid Wages; and (3) Retaliation**

17. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

18. Effective April 1, 2020, the FFCRA provides for up to 80 hours of paid sick time to eligible full-time employees who are unable to work or telework due to the effects of COVID-19 through the Emergency Paid Sick Leave Act. *See* FFCRA, at §§ 5102(a) and (b)(A).

19. The FFCRA has expressly identified that enforcement of the Act and all penalties arising from violations of the Emergency Paid Sick Leave Act be governed by relevant sections of the FLSA.

20. Defendant is engaged in an industry affecting commerce and employees, is a private entity, and employs fewer than 500 employees. *Id*. at § 5110(2)(B)(aa).

21. Plaintiff was an eligible employee as defined by Section 3(e) of the FLSA (29 U.S.C. § 203(e)), who had "been advised by a health care provider to self-quarantine due to concerns related to COVID-19" and was "experiencing symptoms of COVID-19 and seeking a medical diagnosis" under the FFCRA, § 5102(a)(2) and (3).

22. Defendant knew that Plaintiff was an eligible employee within the meaning of the FLSA and the FFCRA.

4

23. Plaintiff requested paid sick leave during the time she was symptomatic and was waiting to be tested and get her results. Plaintiff was advised to self-quarantine by her physician and the health department because she was experiencing COVID-like symptoms.

24. Defendant was required to pay Plaintiff's "regular rate of pay up to $511 per day, and $5,110.00 in the aggregate" for the two-week emergency paid sick leave period due to COVID-19 concerns. See *Id*. at § 5110(5)(A)(ii)(I).

25. Defendant denied Plaintiff leave under the Emergency Paid Sick Leave Act of the FFCRA and failed to compensate her for her regular rate of pay for the required 80-hour sick leave period. An employer who fails to pay an employee her regular rate of pay under the FFCRA is "considered to have failed to pay minimum wages in violation of section 6 of the FLSA (29 U.S.C. § 206)." *Id*. at § 5105(a)(1).

26. It is unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee" who exercises her rights to "take leave in accordance with this Act." *Id*. at § 5104. "An employer who willfully violates section 5104 shall . . . be considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 215(a)(3))." *Id*. at § 5105(b)(1).

27. Additionally, an employer who in any way disciplines, discriminates or retaliates against, and/or discharges an employee in violation of the Act is subject to the penalties described in sections 16 and 17 of the FLSA (29 U.S.C. § 216, 217) with respect to such violation. *Id*. at § 5105(b)(2). Penalties under sections 16 and 17 of the FLSA include, but are not limited to, lost wages, an equivalent amount of liquidated damages, and attorney's fees and costs. *See* FLSA, 29 U.S.C. § 216; 217.

28. Defendant willfully denied Plaintiff's request for qualifying paid sick leave under the FFCRA and even terminated her in retaliation for her request for emergency paid sick leave because of

her COVID-19 related symptoms/concerns, in violation of the FFCRA and the FLSA.

## VI.
## DAMAGES

29. Plaintiff pleads for equitable and prospective relief in the form of reinstatement as of July 15, 2020, including equitable awards of salary and benefits for the period of time following the illegal termination until actual reinstatement.

30. Plaintiff pleads that Defendant, and its agents, employees and representatives, have caused Plaintiff grievous harm and damages. As a direct and proximate result of their violations of state and federal law, Defendant has caused Plaintiff to suffer lost past and future wages. Plaintiff is entitled to pecuniary damages for lost past and future wages to be determined at inquest.

31. Plaintiff pleads that Defendant has caused her to suffer acute mental anguish including, but not limited to, extreme emotional distress and mental pain, intense feelings of depression, low self-esteem, humiliation, belittlement, shame, nausea, loss of sleep and appetite. Plaintiff will, in all likelihood and for the balance of her life, continue to suffer mental anguish. As such, Plaintiff is entitled to compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

32. Plaintiff pleads that Defendant violated Plaintiff's civil rights with malice or reckless indifference to her federally protected rights. As such, Plaintiff is entitled to punitive damages in an amount to be determined at inquest and at the maximum rate permitted by law.

33. Plaintiff was forced to secure the undersigned counsel to protect her civil rights and, therefore, requests an award of attorney's fees.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon final trial on the merits she recover judgment against Defendant, said judgment entitling Plaintiff to:

a. Compensation for all reasonable damages suffered by Plaintiff, including, but not limited to, past and future wages and other compensation, in an amount to be determined upon inquest;

b. Compensation for compensatory and punitive damages, in an amount to be determined upon inquest;

c. Pre-judgment and post-judgment interest, at the maximum rate permitted by law;

d. All costs of court expended in this lawsuit;

e. Reasonable and necessary attorney's fees;

f. A mandatory injunction reinstating Plaintiff's employment benefits, retroactive to July 6, 2020;

g. A judgment finding that Defendant deprived Plaintiff of her interest in her employment without due process; and

h. Such other and further legal relief, either at law or equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**GALE LAW GROUP, PLLC**
711 N. Carancahua St., Suite 514
Corpus Christi, Texas 78401
Mailing Address:
P.O. Box 2591
Corpus Christi, Texas 78403
Phone Number: 361-808-4444
Fax Number: 361-232-4139

BY: */s/ Amie Augenstein*
Amie Augenstein
*Attorney-in-Charge for Plaintiff*
Texas Bar No. 24085184
Southern District Bar No. 2236723
Amie@GaleLawGroup.com

*/s/ Christopher J. Gale*
Christopher J. Gale
*Attorney for Plaintiff*
Texas Bar No. 00793766

7

Southern District Bar No. 27257<br>
Chris@GaleLawGroup.com

## **Demand for Jury Trial**

Plaintiff hereby demands trial by jury pursuant to Fed.R.Civ.P. 38(b).

## **NOTICE OF ELECTRONIC FILING**

The undersigned counsel hereby certifies that she has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Southern District of Texas on this, the 21st day of July, 2020.

/s/ <i>Amie Augenstein</i><br>
Amie Augenstein