UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CORINA DEPHILLIP, Plaintiff, | § § | |
| v. | § § | Case No. 2:20-cv-00190 (Jury Requested) |
| JOHNSON PEERLESS, INC., Defendant | § § § | |

# DEFENDANT'S ORIGINAL ANSWER

COMES NOW Defendant Johnson Peerless, Inc., and makes this Answer to Plaintiff Corina DePhillip's Original Complaint as follows:

## FRCP 12(b)(5) DEFENSE

### INSUFFICIENT SERVICE OF PROCESS

1. Plaintiff did not serve the Summons upon Defendant's registered agent for service of process. Instead, Plaintiff allegedly served the Summons upon Defendant by delivery to the Secretary of the State of Texas. Defendant contends that Plaintiff failed to follow the correct procedure in serving the Summons upon Defendant. In particular, the affidavit submitted by Plaintiff's process server supporting Plaintiff's Return of Service of Summons (Doc. 6) failed to recite any reasonably diligent efforts to serve Defendant's registered agent before delivering the Summons to the Secretary of the State of Texas. See Tex. Bus. Corp. Act art. 2.11.

## ANSWER SUBJECT TO FRCP 12(b)(5) DEFENSE

2. Subject to Defendant's Fed. R. Civ. P. 12(b)(5) defense, Defendant asserts the following defenses pursuant to Fed. R. Civ. P. 8(b).

1

3. Defendant admits that Plaintiff referenced the Families First Coronavirus Response Act ("FFRCA") Pub. L. No. 116-127, 134 Stat. 178 (2020)) and the Fair Labor Standards Act ("FLSA 29 U.S.C. §201 et seq.) in paragraph 1 of the Complaint subject to the case law rulings construing the same. Defendant denies that it violated such statutory provisions.

4. Defendant admits that it employed Plaintiff as a garment presser earning approximately $8.50 per hour from on or about February 6, 2020 through on or about July 15, 2020 as alleged in paragraph 2 of the Complaint. Defendant admits that it was engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1) as alleged in paragraph 2 of the Complaint subject to any applicable limitations, exceptions and/or exemptions.

5. Defendant admits that throughout Plaintiff's employment, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(s)(1) as alleged in paragraph 3 of the Complaint subject to any applicable limitations, exceptions and/or exemptions.

6. Defendant denies that it is liable for Plaintiff's alleged damages and/or reasonable attorney's fees as alleged in paragraph 4 of the Complaint.

7. Defendant admits that this Court has subject matter jurisdiction of this civil action as alleged in paragraph 5 of the Complaint.

8. Defendant admits that it had sufficient contacts with this state and judicial district sufficient for the Court to exercise personal jurisdiction over Defendant as alleged in paragraph 6 of the Complaint subject to Defendant's Rule 12(b)(5) defense set forth above.

9. Defendant admits that venue in this district and division is proper as alleged in paragraph 7 of the Complaint.

10. Defendant does not have personal knowledge of Plaintiff's current citizenship and residency status and, therefore, is without information sufficient to admit or deny the allegations in paragraph 8 of the Complaint.

11. Defendant admits the allegations in paragraph 9 of the Complaint save and except that Defendant's registered agent Susan D. Johnson currently resides at 1400 Ocean Drive No. 902B.

12. Defendant denies that it committed any acts and/or omissions through its officers, agents, servants, employees and/or representatives that resulted in liability to Plaintiff and/or that Defendant ratified such acts and/or omissions as alleged in paragraph 10 of the Complaint.

13. Defendant admits the allegations in paragraph 11 of the Complaint.

14. Defendant does not have information sufficient to admit or deny Plaintiff's allegations in paragraph 12 of the Complaint.

15. Defendant does not have personal knowledge of the specific medical history of Plaintiff and/or her husband alleged in paragraph 13 of the Complaint.

16. Defendant does not have information sufficient to admit or deny Plaintiff's allegations in paragraph 14 of the Complaint.

17. Defendant does not have information sufficient to admit or deny Plaintiff's allegations in paragraph 15 of the Complaint.

64483:45193166

18. Defendant denies that it implemented a policy of requiring employees who experienced symptoms of the Coronavirus to come to work in lieu of termination as alleged in paragraph 16 of the Complaint.

19. Defendant incorporates its prior corresponding responses set forth above in response to paragraph 17 of the Complaint.

20. Defendant incorporates its prior denials set forth above in response to paragraph 17 of the Complaint.

21. Defendant admits that Plaintiff referenced FFCRA, §§5102(a) and (b)(A) in paragraph 18 of the Complaint. Defendant denies that it violated such statute.

22. Defendant admits that Plaintiff generally referenced the FFCRA and the FLSA in paragraph 19 of the Complaint. Defendant denies that it violated such statutes.

23. Defendant admits that it is engaged in an industry affecting commerce and employees, is a private entity, and employs less than 500 employees, as alleged in paragraph 20 of the Complaint.

24. Defendant does not have personal knowledge of Plaintiff's medical history and therefore, is without sufficient information to admit or deny the allegations in paragraph 21 of the Complaint.

25. Defendant denies the allegations in paragraph 22 of the Complaint.

26. Defendant denied that Plaintiff requested paid sick leave as alleged in paragraph 23 of the Complaint. Defendant does not have personal knowledge of Plaintiff's medical history and therefore, is without sufficient information to admit or deny the remaining allegations in paragraph 23 of the Complaint.

27. Defendant admits that Plaintiff referenced FFCRA §5110(5)(A)(ii)(I) in paragraph 24 of the Complaint. Defendant denies that it violated such statute.

28. Defendant admits that Plaintiff referenced FFCRA §5105(a)(a) and the FLSA (29 U.S.C. §206) in paragraph 25 of the Complaint. Defendant denies that it violated such statutes. Defendant denies the remaining allegations in paragraph 25 of the Complaint.

29. Defendant admits that Plaintiff referenced FFCRA §§5104, 5105(b)(1) and section 15(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)) in paragraph 26 of the Complaint. Defendant denied that it violated such statutes.

30. Defendant admits that Plaintiff referenced FFRCA §5105(b)(2) and sections 16 and 17 of the FLSA (29 U.S.C. §§216, 217) in paragraph 27 of the Complaint. Defendant denied that it violated such statutes.

31. Defendant denies each allegation contained in paragraph 28 of the Complaint.

32. Defendant denies that Plaintiff is entitled to the equitable and prospective relief sought in paragraph 29 of the Complaint.

33. Defendant denies each allegation contained in paragraph 30 of the Complaint. Defendant further denies that Plaintiff is entitled to the relief sought in paragraph 30 of the Complaint.

34. Defendant denies each allegation contained in paragraph 31 of the Complaint. Defendant further denies that Plaintiff is entitled to the relief sought in paragraph 31 of the Complaint.

35. Defendant denies each allegation contained in paragraph 32 of the Complaint. Defendant further denies that Plaintiff is entitled to the relief sought in paragraph 32 of the Complaint.

36. Defendant each allegation contained in paragraph 33 of the Complaint. Defendant further denies that Plaintiff is entitled to the relief sought in paragraph 33 of the Complaint.

37. Defendant denies that Plaintiff is entitled to any of the relief sought in the Complaint's prayer for relief, sections "a" through "h".

38. Defendant denies all other allegations in the Plaintiff's Complaint which were not specifically admitted.

## JURY DEMAND

39. Defendant demands a trial by jury on all issues that may be decided by a jury.

## PRAYER FOR RELIEF

40. Defendant asks that, on final judgment, the Court order that Plaintiff take nothing by this suit and that his claims are dismissed with prejudice. Defendant also asks for any other relief to which it is entitled.

Respectfully submitted,

**ROYSTON RAYZOR VICKERY & WILLIAMS L.L.P.**

*/s/ Jack C. Partridge*
John ("Jack") C. Partridge, Attorney-in-charge
jack.partridge@roystonlaw.com
S.D. Tex. I.D. No. 10470
State Bar No. 15534600

6

Brian Miller
S.D. Tex. I.D. No. 21994
State Bar No. 24002607
brian.miller@roystonlaw.com
Eric I. Barrera
S.D. Tex. I.D. No. 22228
State Bar No. 24001696
eric.barrera@roystonlaw.com
802 N. Carancahua St., Ste. 1300
Corpus Christi, Texas 78401
Tel. No. (361) 884-8808
Fax No. (361) 884-7261

**ATTORNEYS FOR DEFENDANT JOHNSON PEERLESS, INC.**

## CERTIFICATE OF SERVICE

I certify that, on October 16, 2020, a true copy of this document was served, via the e-filing system, on all counsel of record listed below:

**VIA ELECTRONIC FILING/EMAIL**
Amie Augenstein
Christopher Gale
GALE LAW GROUP
711 N. Carancahua St.
Suite 514
Corpus Christi, Texas 78401
Amie@GaleLawGroup.com
Chris@GaleLawGroup.com
*Counsel for Plaintiff*

/s/ *Eric I. Barrera*
OF ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

64483:45193166